UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CR-547-FL(4)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | INDICTMENT |
| ANTHONY LEMEL JAMISON ) | |
| a/k/a "Ant," and ) | |
| ALEJANDRO GARLYNN WILLIAMS ) | |
| ) | |

The Grand Jury charges that:

## COUNT ONE

1. Beginning no later than in or about October 2017, and continuing through in or about January 2018, in the Eastern District of North Carolina and elsewhere, the defendants, ANTHONY LEMEL JAMISON, a/k/a "Ant," and ALEJANDRO GARLYNN WILLIAMS, together and with others, known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree to knowingly and with intent to defraud traffic in and use unauthorized access devices during any one-year period, and by such conduct obtain things of value aggregating at least $1,000 during that period, affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(2).

### Background

2. At all relevant times, WILLIAMS worked as a Retail Sales Consultant at an AT&T store located at 4621 Ramsey Street in Fayetteville, North Carolina, within the Eastern District of North Carolina. WILLIAMS's responsibilities included

opening and activating AT&T customer accounts, adding lines of service to existing AT&T accounts, and issuing cell phones in connection with those accounts.

## Manner and Means

The manner and means used to effect and accomplish the purpose of the conspiracy included, but was not limited to, the following:

3. The personally identifiable information ("PII") of individual victims, including names, addresses, dates of birth, and Social Security numbers, was obtained for use in the conspiracy.

4. Various individuals, including JAMISON, entered the AT&T store in Fayetteville, for the purpose of obtaining AT&T services and high-end cell phones with the use of victim PII.

5. WILLIAMS, abusing his position as an AT&T employee, used the victim PII to run credit reports, to open fraudulent AT&T accounts, and to add lines of service to fraudulent AT&T accounts. In so doing, WILLIAMS routinely bypassed AT&T's identity verification procedures.

6. WILLIAMS opened and accessed the fraudulent AT&T accounts for the purpose of issuing thousands of dollars' worth of cell phones to "customers" who were not, in fact, the true individuals listed on such accounts.

## Overt Acts

In furtherance of the conspiracy, and to achieve the unlawful objects thereof, the following overt acts, among others, were committed within the Eastern District of North Carolina:

7. On or about October 11, 2017, WILLIAMS accessed the fraudulent AT&T account of victim C.A. to add one or more lines of service and issue one or more cellular devices to an individual other than C.A.

8. On or about October 19, 2017, WILLIAMS accessed the fraudulent AT&T account of victim B.W. to add one or more lines of service and issue one or more cellular devices to an individual other than B.W.

9. On or about October 19, 2017, WILLIAMS accessed the fraudulent AT&T account of victim M.B. to add one or more lines of service and issue one or more cellular devices to an individual other than M.B.

10. On or about October 21, 2017, WILLIAMS accessed the fraudulent AT&T account of victim H.C. to add one or more lines of service and issue one or more cellular devices to an individual other than H.C.

11. On or about November 21, 2017, WILLIAMS established a fraudulent AT&T account in the name of victim R.W., added one or more lines of service, and issued one or more cellular devices to an individual other than R.W.

12. On or about November 22, 2017, WILLIAMS established a fraudulent AT&T account in the name of victim M.N., added one or more lines of service, and issued one or more cellular devices to an individual other than M.N.

13. On or about December 21, 2017, WILLIAMS established a fraudulent AT&T account in the name of victim S.W., added one or more lines of service, and issued one or more cellular devices to an individual other than S.W.

14. On or about December 23, 2017, WILLIAMS established a fraudulent AT&T account in the name of victim W.W., added one or more lines of service, and issued one or more cellular devices to an individual other than W.W.

15. On or about December 28, 2017, WILLIAMS established a fraudulent AT&T account in the name of victim E.B., added one or more lines of service, and issued one or more cellular devices to an individual other than E.B.

16. On or about January 6, 2018, WILLIAMS established a fraudulent AT&T account in the name of victim W.M., added one or more lines of service, and issued one or more cellular devices to an individual other than W.M.

All in violation of Title 18, United States Code, Section 1029(b)(2).

## COUNTS TWO THROUGH ELEVEN

17. The foregoing paragraphs of this Indictment are re-alleged and incorporated herein as if set forth in full.

18. On or about the dates identified below, in the Eastern District of North Carolina and elsewhere, WILLIAMS and JAMISON, aiding and abetting each other and others, known and unknown to the Grand Jury, did knowingly and with intent to defraud traffic in and use unauthorized access devices, that is, the AT&T customer accounts listed below, established in the names of the victims listed below, and by such conduct did obtain things of value aggregating at least $1,000 for each such account during a one-year period, affecting interstate commerce thereby:

| COUNT | DATE | AT&T ACCOUNT NO. | INDIVIDUAL |
|---|---|---|---|
| 2 | 10/11/17 | *****6773 | C.A. |
| 3 | 10/19/17 | *****1162 | B.W |
| 4 | 10/19/17 | *****7438 | M.B. |

4

| 5  | 10/21/17 | *****8860 | H.C. |
| 6  | 11/21/17 | *****8296 | R.W. |
| 7  | 11/22/17 | *****8366 | M.N. |
| 8  | 12/21/17 | *****9140 | S.W. |
| 9  | 12/23/17 | *****2304 | W.W. |
| 10 | 12/28/17 | *****7781 | E.B. |
| 11 | 01/06/18 | *****5729 | W.M. |

Each of the above-referenced entries constituting a separate violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNTS TWELVE THROUGH TWENTY-ONE

19. The foregoing paragraphs are re-alleged and incorporated herein as if set forth in full.

20. On or about the dates identified below, in the Eastern District of North Carolina, WILLIAMS and JAMISON, aiding and abetting each other and others, did knowingly possess and use, without lawful authority, the means of identification of other persons, those persons identified below, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, the felony violation alleged in Count One:

| COUNT | DATE | MEANS OF IDENTIFICATION |
|---|---|---|
| 12 | 10/11/17 | Name, date of birth, and Social Security number of C.A. |
| 13 | 10/19/17 | Name, date of birth, and Social Security number of B.W |
| 14 | 10/19/17 | Name, date of birth, and Social Security number of M.B. |
| 15 | 10/21/17 | Name, date of birth, and Social Security number of H.C. |
| 16 | 11/21/17 | Name, date of birth, and Social Security number of R.W. |
| 17 | 11/22/17 | Name, date of birth, and Social Security number of M.N. |
| 18 | 12/21/17 | Name, date of birth, and Social Security number of S.W. |
| 19 | 12/23/17 | Name, date of birth, and Social Security number of W.W. |
| 20 | 12/28/17 | Name, date of birth, and Social Security number of E.B. |
| 21 | 01/06/18 | Name, date of birth, and Social Security number of W.M. |

5

Each of the above-referenced entries constituting a separate violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE NOTICE

The defendants are hereby given notice that all of the defendants' interest in all property specified herein is subject to forfeiture.

Upon conviction of any of the offenses set forth in Counts One through Eleven, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, gross proceeds obtained directly or indirectly as a result of said offense, or any property traceable to such property. In addition, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

A TRUE BILL

FOREPERSON

Date: 12/15/2020

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

ROBERT J. HIGDON, JR.
United States Attorney

ADAM F. HULBIG
Assistant United States Attorney
Criminal Division

7